BRANCART & BRANCART
  Christopher Brancart (CBN 128475)
   cbrancart@brancart.com
  Elizabeth Brancart (CBN 122092)
   ebrancart@brancart.com
  Liza Cristol-Deman (CBN 190516)
   lcristoldeman@brancart.com
  Michael Evans (CBN 208917)
P.O. Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, et al., etc., | Case No. 03-CV-09386 PA (RZx) |
| Plaintiffs, | **PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ROOMMATE.COM, LLC, | Hearing: |
| Defendant. | Date:     October 20, 2008<br>Time:     1:30 p.m.<br>Room:    Hon. Percy Anderson |

Pursuant to Local Rule 56-2 and this Court's Scheduling Order (Dkt. 113), plaintiffs submit the following Statement of Genuine Issues of Material Fact in opposition to defendant's motion for summary judgment (Dkt. 122).

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

| DEFENDANT'S "UNDISPUTED" FACT | PLAINTIFFS' RESPONSE |
|---|---|
| 1    Defendant Roommate.com, LLC ("Roommate" or "defendant") owns and operates roommates.com, a roommate matching service that is accessed through the Internet at http://www.roommates.com. | Undisputed that Roommate owns and operates roommates.com and that roommates.com can be accessed through the Internet at http://www.roommates.com.<br><br>Disputed that roommates.com is a "roommate matching service" to the extent that this term is meant to convey the impression that roommates.com is limited to transactions between users who will share a residence.<br><br>Defendant's Evidence:  Declaration of Bryan Peters in Support of Defendant's Motion for Summary Judgment executed Sept. 15, 2008 (Dkt. 122-5) [hereinafter "2008 Peters Decl."], ¶ 3.<br><br>Plaintiffs' Evidence:  Declaration of Bryan Peters in Support of Defendant's Motion for Summary Judgment executed Aug. 19, 2004 (Dkt. 46) [hereinafter "2004 Bryan Peters Decl."], attached as Exhibit 1 to the concurrently filed Declaration of Christopher |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brancart in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment [hereinafter "Brancart Decl."], Exhibit H (authenticated at ¶ 12 of the 2004 Bryan Peters Decl.) (Roommates.com provides services to individuals "looking for a place to live" and individuals who "have a place available to rent"); Declaration of Michael Evans (Dkt. 120-12) [hereinafter "Evans Decl."], attached as Exhibit 2 to the Brancart Decl., at Exhibit 1 (authenticated at ¶ 2 of the Evans Decl.) (Testimonial No. 115) (testimonial from housing provider who uses roommates.com to rent rooms in residence that provider will not share), *id.* at Exhibit 2 (authenticated at ¶ 3 of the Evans Decl.) (Testimonial No. 198) (testimonial from housing provider who uses roommates.com to rent rooms in residence that provider will not share); Declaration of Thomas Kayes (Dkt. 120-15) [hereinafter "Kayes Decl."], attached as Exhibit 3 to the Brancart Decl., at Exhibit 1 (authenticated at ¶ 1 of the Kayes Decl. (member profile of carm54) (member profile of a housing provider using roommates.com to offer a room for rent in a house in which the provide did not also reside), *id.* at Exhibit 2

(Testimonial No. 1675) (authenticated at ¶ 2 of the Kayes Decl.) (testimonial from housing provider who uses roommates.com to rent rooms in residence that provider will not share); Supplemental Declaration of Thomas Kayes [hereinafter "Suppl. Kayes Decl."], attached as Exhibit 17 to the Brancart Decl., at Exhibit 1 (authenticated at ¶ 2 of Suppl. Kayes Decl.)(Search on www.google.com for "I have a place to rent" produces Roommates.com as a sponsored link), *id*. at Exhibit 2 (authenticated at ¶ 3 of Suppl. Kayes Decl.)(Search on www.google.com for "I have a room to rent" produces Roommates.com as a sponsored link), *id*. at Exhibit 3 (authenticated at ¶ 4 of Suppl. Kayes Decl.)(Search on www.google.com for "room to rent" produces Roommates.com as a sponsored link), *id*. at Exhibit 4 (authenticated at ¶ 5 of Suppl. Kayes Decl.)(Search on www.google.com for "california rental" produces Roommates.com as a sponsored link), *id*. at Exhibit 5 (authenticated at ¶ 6 of Suppl. Kayes Decl.)(Search on www.google.com for "room rental not shared" produces Roommates.com as a sponsored link), *id*. at Exhibit 6 (authenticated at ¶ 7 of Suppl. Kayes

Decl.)(Search on www.google.com for "rental not shared" produces Roommates.com as a sponsored link), *id*. at Exhibit 7 (authenticated at ¶ 8 of Suppl. Kayes Decl.)(Search on www.google.com for "rental unshared" produces Roommates.com as a sponsored link), *id*. at Exhibit 8 (authenticated at ¶ 9 of Suppl. Kayes Decl.)(Google's page explaining the function of "sponsored links").  Plaintiffs request that the Court take judicial notice of the matters stated on Google.com pursuant to Fed. R. Evid. 201.  See *Denius v. Dunlap*, 330. F.3d. 919, 926 (7th Cir. 2003).

| 2 | Individuals who are looking to share a residence may post information about themselves and their roommate preferences. | Undisputed that individuals who are looking to share a residence may post information about themselves and their roomer preferences on roommates.com. |

Disputed to the extent that this evidence is meant to convey the impression that users "may" but are not required to post information about themselves and their roomer preferences.

Defendant's Evidence: 2008 Peters Decl. ¶ 4, 11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs' Evidence: 2004 Bryan Peters Decl., at ¶ 18(a) (age disclosure required rather than optional); Declaration of Justin Massa (Dkt. 120-5) [hereinafter "Massa Decl."], attached as Exhibit 4 to the Brancart Decl., at ¶¶ 61-62 (same); Defendant Roommate.Com, LLC's Objections and Responses to Second Request for Admissions Propounded by Plaintiff Fair Housing Council of San Fernando Valley [hereinafter "Defendant's Responses to Plaintiffs' Second Request for Admissions"], attached as Exhibit 5 to the Brancart Decl., Response to Request Nos. 75. & 76 (same); 2004 Bryan Peters Decl. ¶ 18(b) (gender disclosure is required rather than optional); Massa Decl. ¶ 65 (same); Defendant's Responses to Plaintiff's Second Request for Admissions, Response to Request Nos. 81 & 82 (same); 2004 Bryan Peters Decl. ¶ 18(c) (sexual orientation disclosure required rather than optional); Massa Decl. ¶ 68 (same); Defendant's Responses to Plaintiff's Second Request for Admissions, Response to Request No. 87 & 88 (same); 2004 Bryan Peters Decl. ¶ 18(g) (familial status disclosure required rather than optional); Massa Decl. ¶ 80 (same); Defendant's Responses to Plaintiff's

Second Request for Admissions, Response to Request Nos. 103 & 104 (same); Massa Decl. ¶ 184 (stating preference based on age required rather than optional); Defendant's Responses to Plaintiff's Second Request for Admissions, Response to Request No. 274 (same); Deposition of Bryan Peters conducted Sept. 2, 2008 [hereinafter "2008 Peters Depo."], attached as Exhibit 6 to the Brancart Decl., at 146:13-147:6 (same); Massa Decl. ¶¶ 188-189 (stating preferences based on sex and sexual orientation required rather than optional); 2008 Peters Depo. at 147:10-149:16 (same); Massa Decl. ¶ 195 (stating familial status preference required rather than optional); 2008 Peters Depo. at 150:4-14 (same).

Disputed to the extent that this evidence is meant to convey the impression that roommates.com is limited to transactions between users who will share a residence.

Defendant's Evidence: 2008 Bryan Peters Decl. ¶ 4, 11.

Plaintiffs' Evidence:  Please see Plaintiffs'

| | | |
|---|---|---|
| | | Evidence in response to Separate Statement Paragraph 1, *supra*. |
| 3 | Users can search the database based on criteria such as geographic location and roommate characteristics, including gender, sexual orientation, and family status, as well as any other criteria they choose. | Undisputed that users can search roommates.com's database on the basis of geographic location and user characteristics such as gender, sexual orientation, and family status. |
| | | Disputed that users can search on the basis of "any other criteria they choose." |
| | | Defendant's Evidence: 2008 Peters Decl., ¶ 11, 28(a)-(f). |
| | | Plaintiffs' Evidence:  2004 Bryan Peters Decl., Exhibit CC (authenticated at ¶ 29 of the 2004 Bryan Peters Decl. as a true and correct copy of the Search the database form) (showing that the search form permits users to search on the basis of the following criteria only: sex/sexual orientation, profession, smoking, age, whether a user is looking for a room or has a room available for rent, location, date of availability, monthly rent, cleanliness, pets, and presence of children in the household). |

| | | | |
|---|---|---|---|
| 4 | Roommates.com receives over 40,000 visits and 700,000 page views per day.  In any given year, approximately 1 million new postings for roommates are created by users. | Undisputed. | |
| 5 | Membership of Roommates.com fluctuates but generally remains around 140,000.  Of the approximately 140,000 current members, approximately 48,000 selected the option "I HAVE a place available," and approximately 93,000 selected the option "I NEED a place to live." | Undisputed. | |
| 6 | In order to read "roommail" messages and comments from other users, and view full-sized photos, one must pay a fee to upgrade to Choice Membership. | Undisputed. | |
| 7 | To create a personal profile, a user responds to a series of questions, including questions as to their own | Undisputed. | |

1
2   gender, sexual orientation, and
3   whether children will be living with
4   them.

5   8   To create a personal profile, a user    Undisputed that, to create a profile, a user
6       responds to a series of questions,       responds to a series of questions, including
7       including their preferences (if any)     their preferences with respect to the gender
8       with respect to the gender and           and sexual orientation of a potential roomer,
9       sexual orientation of a potential        and whether they are willing to live with
10      roommate, and whether they are           children.
11      willing to live with children.

12                                               Disputed that users have the option to express
13                                               no preferences on these bases.

14

15                                               Defendant's Evidence:  2008 Peters Decl. ¶
16                                               11, 19(a)-(g).

17

18                                               Plaintiffs' Evidence:  Defendant's Responses
19                                               to Plaintiff's Second Request for Admissions,
20                                               Response to Request No. 278 (in response to
21                                               the Female prompt, users must select from the
22                                               following options: 'Straight or lesbian,'
23                                               'Straight,' 'Lesbian,' or 'No females'"),
24                                               Response to Request No. 284 (in response to
25                                               the Male prompt, users must select from the
26                                               following options: 'Straight or gay,'
27                                               'Straight,' 'Gay,' or 'No males'"), Response
28

---

**PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**                    10

| | | |
|---|---|---|
| | | to Request No. 296 (in response to the Children prompt, users must select from the following options: 'I will live with children,' or 'I will not live with children'"). |
| 9 | These roommate preferences are optional; the default settings as to each question reflect *no* preference, and the user must alter these settings to indicate any preference. | Undisputed that the default menu choices state inclusionary preferences.

Disputed that users have the option to express no preference.

Defendant's Evidence:  Peters Decl. ¶ 19.

Plaintiffs' Evidence:  Please see Plaintiffs' Evidence in response to Separate Statement Paragraph 8. |
| 10 | Users may also include additional information about themselves, and the residence they are offering to share or would like to find to share, as "Additional Comments." | Undisputed that users can use the Additional Comments section to provide information on any subject.

Disputed that the Additional Comments is used only by users offering to "share" a residence.

Defendant's Evidence: 2008 Peters Decl. ¶ 23. |

PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

11

Plaintiffs' Evidence: Please see Plaintiffs'
Evidence in response to Separate Statement
Paragraph 1, *supra*.

| 11 | Every statement included in ¶ 15-32 of the FAC is drawn from the "Additional Comments," which are incorporated into a user's profile without any prior review, editing, or alteration by Roommate.com, LLC. | Undisputed that portions of ¶ 15-32 of the First Amended Complaint (Dkt. 10) quote language drawn from the Comments sections of housing providers' member profiles. |

Disputed that all of the statements contained
in these paragraphs are "drawn from" the
Additional Comments.

Defendant's Evidence: FAC ¶ 15-32; 2008
Peters Decl. ¶ 23, 29.

Plaintiffs' Evidence:  First Amended
Complaint (Dkt. 10), attached as Exhibit 7 to
the Brancart Decl., at ¶ 15 (statement stating
"Indeed, on December 20, 2003, plaintiffs
found that defendants had not removed the
website fields requiring information and
preferences for familial status, source of
income, sexual orientation, and age" neither
drawn from nor relating to Additional
Comments aspects of roommates.com
website).

| 12 | The questions that gather information for user profiles and preferences make clear that the site matches "potential roommates;" no options on the website suggest that the site offers vacant houses or apartments for sale or rental. | Objection:  Argumentative.  Fed. R. Evid. 611(a). |

Undisputed that two of the pages on roommates.com, the My Rental Preferences page and the My Roommate Preferences page, include the language "potential roommates."

Disputed that roommates.com does not offer houses or apartments for rent.

<u>Defendant's Evidence</u>: 2008 Peters Decl. ¶ 13-21 and Exhs. H-O (webpages with questions for member profile).

<u>Plaintiffs' Evidence</u>:  Massa Decl. ¶ 135-136 (Residence Description form permits housing provider to indicate that housing offered for rent is "Apartment" or "House").

Disputed that it is clear that all users of roommates.com are potential roommates.

<u>Defendant's Evidence</u>: 2008 Peters Decl. ¶ 13-21 and Exhs. H-O (webpages with questions for member profile).

| | | |
|---|---|---|
| | | Plaintiffs' Evidence:  Please see Plaintiffs' Evidence in response to Separate Statement Paragraph 1. |
| 13 | The website's name, banner ("The Web's Most Popular Roommate Matching Service"), and self-description on its home page inform users that the website does one thing only: "Roommates.com is a roommate finder and roommate search service." | Objection: Lack of personal knowledge (as to what the banner informs users); Argumentative; Assumes facts not in evidence (as to what the banner informs users); Hearsay.  Fed. R. Evid. 602, 611(a), 802.

Undisputed that the roommates.com homepage contains language stating "The Web's Most Popular Roommate Matching Service" and stating "Roommates.com is a roommate finder and roommate search service."

Disputed that the banner informs users that the website does one thing only.

Defendant's Evidence: 2008 Peters Decl. ¶ 7 and Exh. B (homepage).

Plaintiffs' Evidence:  Please see Plaintiffs' Evidence in response to Separate Statement Paragraph 1, *supra*. |

| | | |
|---|---|---|
| | | Disputed that the website is only a roommate finder and roommate search service. |
| | | <u>Defendant's Evidence</u>: 2008 Peters Decl. ¶ 7 and Exh. B (homepage). |
| | | <u>Plaintiffs' Evidence</u>:  Please see Plaintiffs' Evidence in response to Separate Statement Paragraph 1, *supra*. |
| 14 | Users cannot proceed with the membership process unless they affirm that they have read and agree to the Terms of Service (and the Privacy Statement) for Roommates.com.  The website's Terms of Service Agreement states that Roommate "provide[s] users with roommate resources." | Undisputed. |
| 15 | Users agree "to not use [roommates.com] for any illegal or inappropriate purpose," and affirmatively represent and warrant, in particular, that they (1) "will not upload, post, email, transmit or otherwise make available any | Undisputed. |

**PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

15

1
2
3
4
5
6
7
8
9
10
11
12

Content that is unlawful, harmful, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, libelous, invasive of another's privacy, hateful, or racially, ethnically, religiously or otherwise objectionable" and (2) they will not "intentionally or unintentionally violate any applicable local, state, national or international law."

13 | 16 | The Terms conclude with the following request: "Please report any violation of the [Terms of Service] to our customer service" are hot-linked so that a user clicking on them will be directed to a page, the "Contact Us" webpage, which provides a space for the user's email address and comments. | Undisputed.

23 | 17 | If a user selects the "I HAVE a place available" option, the website routes the users into a series of questions, if answered truthfully, permit the user to post | Disputed that the website routes users to a series of questions that, if answered truthfully, permit the user to post only a residence the user intends to share with another person.

only a residence the user intends to share with another person.  The "Additional Comments" webpage is the only place on the roommates.com website where a user could communicate that he or she has an empty dwelling available for rent without a roommate.

Defendant's Evidence:  2008 Peters Decl. ¶ 26(a), 38 and Ex. V (Household Description).

Plaintiffs' Evidence:  2004 Bryan Peters Decl., Exhibit V (authenticated at ¶ 24 of the 2004 Bryan Peters Decl. as a true and correct copy of the Household Description form) (could be filled out truthfully by a housing provider who uses this form to describe his or her own household rather than the premises he or she is offering to rent; could be filled out truthfully by a housing provider describing the current occupant(s) of the premises who will be vacating the premises to be replaced by a current homeseeker).

Disputed that the "Additional Comments" webpage is the only place on the roommates.com website where a user could communicate that he or she has an empty dwelling available for rent.

Defendant's Evidence:  2008 Peters Decl. ¶ 26(a), 38 and Ex. V (Household Description).

Plaintiffs' Evidence: 2008 Peters Depo., at 39:7-13 (stating that users can communicate

information through their user nicknames and photographs); 2004 Bryan Peters Decl., Exhibit U (authenticated at ¶ 23 of the 2004 Bryan Peters Decl. as a true and correct copy of the Rental Details page) (allowing a housing provider to describe the housing offered for rent without having to indicate one way or the other whether the housing being offered will be shared with other residents).

18   After finding possible roommates on an automated or custom search for matches, upgraded roommates.com users may exchange "roommail." Because roommail uses roommates.com's server, users can communicate at first without disclosing their email addresses to each other. If users decide that they pass each other's initial evaluation for compatibility, they may have direct contact by email, phone or in-person. Users of the website often follow this progression. Thus, although the Site makes finding a possible roommate quicker and more

Objection: Irrelevant; Lack of Personal Knowledge; Hearsay. Fed. R. Evid. 402, 602, 802.

Disputed that roommates.com's users are highly selective in who they choose as renters and roomers.

Defendant's Evidence: 2008 Peters Decl. ¶ 32

Plaintiffs' Evidence: Deposition of Bryan Peters conducted July 27, 2004 [hereinafter "2004 Peters Depo."], attached as Exhibit 8 to the Brancart Decl., at Exhibit 10, pp. 10-1 to 10-2 (authenticated as a true and accurate representation of a member profile from roommates.com at 112:14-114:11 of the 2004

efficient than in the days before the Internet, the highly subjective, personal aspects of selecting a roommate have not changed. Before users finally decide to share a place to live, they often meet in person to get to know each other and try to determine whether they will have a compatible living habits and an enjoyable roommate relationship. Most users personally inspect the residence to be shared before deciding to become roommates.

Peters Depo.) (member profile stating "I'm Independent, have my own life and am generally low maintenance."), *id.* at Exhibit 10, pp. 10-13 to 10-14 (authenticated as a true and accurate representation of a member profile from roommates.com at 112:14-114:11 of the 2004 Peters Depo.) (member profile stating "I'd like someone who likes to keep to him/herself, doesn't cook much and has a busy schedule.  Would like for the person to feel we can be housemates and help each other out if needed but no need to socialize together or try to be friends."), *id.* at Exhibit 9 (authenticated as a true and accurate representation of a member profile from roommates.com at 112:14-114:2 of the 2004 Peters Depo.) (stating "I am looking for a responsible person who minds there [sic] own business."), *id.* at Exhibit 10, pp. 10-20 to 10-21 (authenticated as a true and accurate representation of a member profile from roommates.com at 112:14-114:11 of the 2004 Peters Depo.) ("I'm looking for someone who won't come to me for rent money and will respect people's space and belongings.  Not a lot needed, just some responsibility and consideration.").

| 19 | Plaintiffs lack evidence of damages caused by conduct that is the alleged basis of their claim under the Fair Housing Act.  Their claims of diversion of resources are based on work they do as part of their pre-existing and continuing practices. | Objection.  Incomplete deposition excerpts. Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(6).

Disputed.

<u>Defendant's Evidence</u>:  Declaration of Timothy L. Alger ("Alger Decl.") ¶ 2, Ex. A (Transcript of Deposition of Sharon Kinlaw dated September 10, 2008 ("Kinlaw 2008 Tr.") at 159:5-161:6 (only one engagement solely related to roommates.com, and that was litigation), 164:24-165:16 (HUD conference to keep abreast of housing issue generally), 216:15-217:22 (damages include costs for van used in ordinary course of operations), 259:19-260:3 (same), 250:16-255:21 (general tasks not specific to alleged conduct), 256:1-257:4 (related to conduct by defendant that Ninth Circuit found to be legal), 283:8-285:18 (general tasks not specific to alleged conduct and performed regardless of this lawsuit and 30(b)(6) designee lacks knowledge of aspects of damages calculation), 296:21- 297:25 (tasks related to litigation, not outreach), 300:22-301:10 (time spent |

reviewing blogs about this lawsuit); Alger Decl. ¶ 3, Ex. B (Transcript of Deposition of Mary Scott Knoll dated September 11, 2008 ("Knoll 2008 Tr.") at 155:14-156:4 (tasks are general, not specific to roommates.com ), 156:23-157:4 (attended programs and claimed damages, but did not specifically mention roommates.com), 160:7-22 (same), 162:15-163:8 (increased outreach not due to roommates.com ), 165:9-167:6 (plaintiffs have held conference annually for 15 years), 197:3-199:19 (general tasks used to support damages against roommates.com), 201:1-202:12 (same), 209:24-210:16 (presentations held for reasons other than defendant's conduct), 228:17-229:2 (same); 262:11-262:11 (30(b)(6) designee lacks knowledge of aspects of damages calculation); Alger Decl. ¶ 4, Ex. C (Deposition of Sharon Kinlaw dated August 30, 2004 ("Kinlaw 2004 Tr.")) at 99:12-100:22 (authenticating exhibit purporting to explain frustration of mission and explaining method for apportioning normal day-to-day activities to alleged frustration of mission by defendant), 103:25-104:18, 110:1-114:2, 115:1-116:15 ("

It might just have been our normal routine outreach efforts that we engage in"); Alger Decl. ¶ 5, Ex. D (Deposition of Mary Scott Knoll dated August 27, 2004 ("Knoll 2004 Tr.") (Knoll 2004 Tr.) at 109:7-112:25 (authenticating exhibit purporting to explain frustration of mission and explaining method for apportioning normal day-to-day activities to alleged frustration of mission by defendant); Alger Decl. ¶ 6, Ex. E (Deposition Ex. 111, Frustration of Mission) at first two pages (general description of mission includes types of discrimination, such as race and national origin discrimination, and media of discrimination, such as print media, not at issue in this litigation) and last six pages (includes general seminars and events with no mention of roommates.com); Alger Decl. ¶ 7, Ex. F (Deposition Ex. 114, Diversion of Resources) at pages numbered 3-12 with title "Diversion of Resources" (general description of mission includes types of discrimination, such as race and national origin discrimination, and media of discrimination, such as print media, not at issue in this litigation) and last six pages (includes general

seminars and events with no mention of roommates.com).

Plaintiffs' Evidence:

19(a). Plaintiffs' Evidence of FHC/SFV's mission and activities: Declaration of Diana Bruno in Support of Plaintiffs' Motion for Summary Judgment executed Aug. 19, 2004 (Dkt. 49) [hereinafter "Bruno Decl."], attached as Exhibit 9 to the Brancart Decl., at ¶ 4 (FHC/SFV is a nonprofit corporation), *id.* (the mission of FHC/SFV is to promote fair housing and work to implement programs designed to further equal housing so that all residents have the opportunity to secure the housing they desire and can afford, regardless of race, color, religion, national origin, familial status, disability, marital status, ancestry, age, sexual orientation, income source, or gender), *id.* (FHC/SFV covers residents of San Fernando Valley, Simi Valley, Santa Clarita, North Los Angeles County (except for Lancaster and Palmdale), and Burbank), *id.* ¶¶ 6-16 (FHC/SFV engages in a variety of programs and activities to further its mission, including fair housing

counseling, community education and outreach, and investigation).

19(b). Plaintiffs' Evidence of FHC/SD's mission and activities: Declaration of Mary Scott Knoll in Support of Plaintiffs' Motion for Preliminary Injunction executed June 24, 2004 (Dkt. 35) [hereinafter "2004 Knoll Decl."], attached as Exhibit 10 to the Brancart Decl., at ¶ 5 (FHC/SD is a nonprofit corporation), *id.* ¶ 3 (the mission of FHC/SD is to eliminate unlawful housing discrimination in the housing rental, sales, lending, and insurance markets on the basis of age, sex, color, religion, national origin, familial status, disability, age, ancestry, marital status, or arbitrary basis such as sexual orientation; *id.* ¶ 4 (FHC/SD provides services to residents of the City of San Diego, the City of National City, the City of Chula Vista, the City of Oceanside, the Urban County of San Diego – an area that includes a population of over two million); *id.* ¶¶ 9-20 (FHC/SD engages in a variety of programs and activities to further its mission, including education and outreach, advocacy, counseling, and research).

1

2   19(c). Plaintiffs' Evidence of FHC/SFV's

3   investigation of roommates.com: Deposition

4   of Sharon Kinlaw conducted Aug. 30, 2004

5   [hereinafter "2004 Kinlaw Depo."], attached

6   as Exhibit 11 to the Brancart Decl., at 23:1-14

7   (after becoming aware of discrimination on

8   roommates.com, FHC/SFV "spent significant

9   amount of hours" investigating the website,

10   including member profiles discriminatory ads,

11   information on the website, and all of the

12   content of the website), 122:6-15 (the

13   FHC/SFV's Sharon Kinlaw spent 60 hours of

14   staff time on the investigation of

15   roommates.com), 122:6-25 (the FHC/SFV's

16   Diana Bruno spent 30 hours of staff time on

17   her investigation of roommates.com), 124:21-

18   125:2 (the 30 hours that Ms. Bruno and the 60

19   hours that Ms. Kinlaw spent on the

20   FHC/SFV's investigation do not include

21   litigation expenses and were incurred prior to

22   the filing of the civil action against

23   Roommate); Deposition of Sharon Kinlaw

24   conducted Sept. 10, 2008 [hereinafter "2008

25   Kinlaw Depo."], attached as Exhibit 12 to the

26   Brancart Decl., at Exhibit 190 and 203:2-20

27

28

(authenticating Exhibit 190 as a document demonstrating FHC/SFV's damages attributable to roommates.com between July and December 2004), 206:8-207:9 (Exhibit 190 calculates damages incurred in the past as diversion of resources and future damages as frustration of mission), 245:4-8 (FHC/SFV's investigation of roommates.com's practices required efforts of three different persons), 245:4-15 (FHC/SFV's investigation of roommates.com included two staff members and one volunteer signing up for the roommates.com website, answering all of the prompts that the website requires users to answer, being steered and directed to particular listings based on their answers to all of the prompts, and receiving particular emails from roommates.com based on the answers the investigators provided in response to roommates.com's prompts), 245:16-246-2 (as part of FHC/SFV's investigation, Sandy Couch conducted testing of roommates.com, which involved creating fictitious profiles to determine how users are steered and screened to particular offers of housing on the basis of their characteristics and preferences); Bruno

Decl. ¶ 22 (FHC/SFV has diverted more than 60 hours of staff time from its normal education, counseling, and other programs to investigate discrimination by roommates.com and to counteract the discriminatory effects of Roommate's discrimination by providing targeted education and outreach).

19(d). Plaintiffs' Evidence of FHC/SFV's efforts to counteract roommates.com's discrimination: 2004 Kinlaw Depo., at 26:17-23 (extensive amount of outreach done to advertisers, realtors, and general public to counteract the effects of roommates.com's discrimination), 101:20-103:6 (FHC/SFV's trainings incorporated the allegations of roommates.com with respect to discriminatory advertising and screening), 104:3-11 (FHC/SFV's education/outreach mailing to advertisers was a direct result of roommates.com), 104:19-105:8 (FHC/SFV increased its education/outreach efforts as a direct respond to the roommates.com investigation, not because of generalized concerns about discrimination on the Internet), 105:17-21 (FHC/SFV's emphasis on

Internet advertising in its outreach/education presentations was specific to the allegations against roommates.com), 107:3-6 (because of this public display of discrimination on the Internet, FHC/SFV had to increase its education/outreach efforts), 107:15-21 (FHC/SFV devoted significant resources to outreach mailing that was directly related to discrimination by roommates.com), 107:22-108:1 (in direct response to roommates.com, FHC/SFV increased its outreach through public service announcements), 108:2-14 (Jan. 14, 2004 City of Burbank Fair Housing Plan Meeting attended by FHC/SFV staff focused on discriminatory housing practices on the Internet as an impediment to equal housing opportunities in connection with the city's Analysis of Impediments to Fair Housing Choice), 109:14-16 (same), 111:12-112:1 (Roommate's website contains more discriminatory content than any other entity and has effect of giving people impression that it is lawful to discriminate), 111:22-112:11 (FHC/SV was forced to increase their education and outreach efforts to counteract effects of Roommate's discrimination),

112:16-24 (in direct response to roommates.com, FHC/SFV increased its outreach through public service announcements), 112:18-113:4 (as a result of roommates.com, FHC/SV revised its ordinary outreach efforts by increasing outreach to advertisers, creating new educational literature focusing on advertising, increased its efforts with respect to public service announcements, and with respect to trainings increased the focus on advertising), 113:5-9 (as a result of discrimination by roommates.com, with respect to education/outreach trainings FHC/SFV increased the amount of time devoted to discriminatory advertising from 10 minutes to 30 or 45 minutes), 113:10-16 (as a result of Roommate, FHC/SFV increased its outreach efforts with respect to discriminatory statements), 115:16-24 (as a result of roommates.com, FHC/SFV's outreach efforts expanded to new organizations), 116:20-118:17 (on May 7, 2004, in response to discrimination by roommates.com and in order to counteract the discriminatory effects of discrimination by roommates.com,

FHC/SFV distributed an education and outreach mailing to over 100 advertisers and real estate professionals); 2008 Kinlaw Depo. at 251:3-252:7 (between July and December 2004, as a result of discrimination by roommates.com, FHC/SFV devoted 59 staff hours to education/outreach to counteract effects of discrimination by roommates.com, including conducting trainings and workshops and distributing literature), 253:7-25 (these 59 hours reflect outreach with regards to roommates.com in particular), 264:4-265:3 (Roommate's practices creates the public impression that discrimination is lawful and contributes to discrimination by others), 286:16-287:1 (as a result of discrimination by roommates.com, FHC/SFV scheduled education/outreach activities that would not otherwise have been scheduled, increased outreach activities, and altered outreach activities), 287:7-24 (FHC/SFV published newsletter covering roommates.com as part of an education effort), Exhibit 191 and 295:23-297:1 (authenticating Exhibit 191 as a summary of the damages incurred by FHC/SFV between 2005 and 2008); 302:19-

303:4 (FHC/SFV conducted 260 hours of education and outreach between 2005 and 2008 to counteract the discriminatory effects of discrimination on roommates.com); 376:19-379:2; Exh 213 (pages from outreach/education report showing FHC/SFV's activities and hours attributable to roommates.com); Bruno Decl. ¶ 22 (FHC/SFV has diverted more than 60 hours of staff time from its normal education, counseling, and other programs to investigate discrimination by roommates.com and to counteract the discriminatory effects of Roommate's discrimination by providing targeted education and outreach), *id.* (on Dec. 15, 2003, as a direct result of Roommate's discrimination, FHC/SFV sent an education letter and fair housing packet to 64 media and advertising entities, emphasizing discriminatory advertising in electronic media, in order to counteract the discriminatory effects of Roommate's discriminatory practices), *id.* (as a direct result of discrimination by Roommate, FHC/SFV revised the curriculum of its Property Management Trainings to devote more time to

1   the problem of discriminatory rental listings,

2   at the expense of other topics), ¶ 24

3   (Roommate's discrimination has frustrated

4   FHC/SFV's mission and undermined its past

5   education and outreach efforts by sending

6   message that it is lawful to post discriminatory

7   statements on the Internet), ¶ 27 (Roommate's

8   discrimination creates a false public

9   impression that discrimination is lawful,

10  undermining FHC/SFV's past

11  education/outreach efforts and requiring

12  FHC/SFV to engage in additional

13  education/outreach effort to counteract the

14  effects of Roommate's practices on the

15  housing market).

16

17  19(e). Plaintiffs' Evidence of FHC/SD's

18  investigation of roommates.com: Deposition

19  of Mary Scott Knoll conducted Aug. 27, 2004

20  [hereinafter "2004 Knoll Depo."], attached as

21  Exhibit 13 to the Brancart Decl., at 92:18-

22  93:17 (FHC/SD devoted significant resources

23  in terms of staff time investigating

24  roommates.com); 2004 Knoll Decl. at ¶ 21

25  (commencing in November 2003, FHC/SD

26  devoted significant resources to an

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

investigation of roommates.com), *id.* (FHC/SD's investigation focused on publication of discriminatory preferences on the basis of age, gender, sexual orientation, and familial status and questions on site requiring users to disclose personal information, as well as publication of discriminatory racial and religious statements in Comments section, *id.* at ¶ 24 (FHC/SD devoted significant resources to an investigation of roommates.com); Declaration of Jim Treglio [hereinafter "Treglio Decl."], attached as Exhibit 15 to the Brancart Decl., ¶¶ 4-7 and exhibits 1-3 (documenting hours investigating Roommates.com and working to counteract the effects of its discriminatory practices in 2003-2004 on behalf of FHC/SD);Deposition of Mary Scott Knoll conducted Sept. 11, 2008 [hereinafter "2008 Knoll Depo."], attached as Exhibit 14 to the Brancart Decl. at 252:15-24 and Exhibit 217 (worksheet showing diversion of resource damages attributable to roommates.com for the years 2003 - 2004).

19(f). Plaintiffs' Evidence of FHC/SD's

efforts to counteract roommates.com's discrimination: 2004 Knoll Depo. at 87:21-88:19 (counteracting discrimination by roommates.com caused FHC/SD to divert resources that would have been spent on other priorities, including hate crimes in housing, discrimination within government programs such as tax-credit programs, mortgage discrimination, and familial status auditing), 90:22-91:15 (workshops and seminars FHC/SD did in the community after November 2003 related to roommates.com), 98:2-99:6 (to counteract the discriminatory effects of discrimination by roommates.com and other examples of housing discrimination on the Internet, in and around April 2004 the FHC/SD conducted approximately 49 education and outreach presentations), 99:1-6 (in response to discrimination by roommates.com, FHC/SD devoted more resources in its education/outreach presentations to advertising), 100:15-18 (FHC/SD's efforts to counteract discrimination included presentations discussing discriminatory advertising), 100:22-101:10 (presentations most often

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

discussed advertising on the Internet in particular); 2008 Knoll Depo. at 152:15-154:6 (since 2004, the FHC/SD has continued to engage in education and outreach activities to counteract the discriminatory effects of roommates.com's ongoing discriminatory practices), 154:14-155:14 (in response to roommates.com, FHC/SD changed its education/outreach priorities to focus on Internet issues), 155:15-156:4 (in response in part to roommates.com, FHC/SD increased the number of education and outreach activities in which it engaged), 156:5-11 (counteracting discrimination by roommates.com caused FHC/SD to divert resources that would have been spent on other priorities, such as discrimination on the basis of mental disability), 162:15-163:8 (as a result of discrimination by roommates.com and with respect to the application of fair housing laws to the Internet generally, FHC/SD has devoted additional resources during its annual Law and Litigation Conference to discriminatory advertising and to the application of fair housing laws to the Internet), 163:10-18 (Conference had dedicated topics because of

roommates.com), 163:3-6 (same), 197:3-199:19 (between 2005 and 2008, approximately 15% of the annual Law and Litigation Conference has been devoted to issues of discriminatory advertising on the Internet and discriminatory housing practices on the Internet in general), 200:11-14 (same), 213:16-214:1 (between 2005 and 2008, the outreach education specialist for FHC/SD has spent 4 hours per month or more providing education and outreach presentations to housing consumers, and approximately 40% of these presentations to consumers include providing information about the application of fair housing laws to the Internet, including advertising on the Internet), 216:3-8 (same), 231:18-232:5 (between 2005 and 2008, the executive director of FHC/SD spent approximately 1 hour per month on the subject of fair housing on the Internet in connection with providing education and outreach presentations to housing providers), 256:12-258:5 (FHC/SD conducted 49 outreach presentations in April 2004 focusing on advertising in response to discrimination by roommates.com), 266:13 - 268:10 and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 218.31 - .36 (underlying data showing FHC/SD efforts to counteract discrimination by roommates.com in 2003 and 2004); 2004 Knoll Decl. at ¶ 24 (in response to roommates.com's practices, FHC/SD was forced to divert time and resources from normal education, counseling and other programs to investigate and counteract roommates.com's practices), *id.* ¶ 26 (to counteract the discriminatory effects of discrimination by roommates.com and other examples of housing discrimination on the Internet, in February 2004 FHC/SD hosted a session on the subject of the application of fair housing laws to the Internet in connection with the FHC's annual Law and Litigation Conference), *id.* at ¶ 26-27 (Roommate's discrimination frustrated FHC/SD's mission by screening users by protected status, publishing discriminatory advertising, and failing to provide fair housing information to users), *id.* ¶ 27 (to counteract the discriminatory effects of discrimination by roommates.com and other examples of housing discrimination on the Internet, in and around April 2004 FHC/SD conducted

approximately 49 education and outreach presentations); Treglio Decl.at ¶¶ 4-7 and exhibits 1-3 (documenting hours investigating Roommates.com and working to counteract the effects of its discriminatory practices in 2003-2004 on behalf of FHC/SD); 2008 Kinlaw Depo. at 371:19 - 372:9 (authenticating Exh. 209); Exhibit 209 to 2008 Kinlaw Depo. (Conference had dedicated topics because of roommates.com).

19(g).  Plaintiffs' Evidence of FHC/SFV's Frustration of Mission (time FHC/SFV will spend in the future to monitor defendant's compliance with any consent decree or court order entered in this action and in trainings, education and outreach, and advertising): 2008 Kinlaw Depo. at 293:23-294:4, 295:23-296:7, 316:21-325:17, Exh. 191.

19(h).  Plaintiffs' Evidence of FHC/SD's Frustration of Mission (time FHC/SD will spend in the future to monitor defendant's compliance with any consent decree or court order entered in this action and in trainings, education and outreach, and advertising):

2008 Knoll Depo. 187:15-188:1, 218-233, Exh. 216.

20  Plaintiffs lack evidence that any individual was subjected to housing discrimination prohibited by the Fair Housing Act as a result of defendant's conduct.

Objection: Irrelevant.  Fed. R. Evid. 401, 402.

Disputed.

Defendant's Evidence: Alger Decl. ¶ 2, Ex. A (Kinlaw 2008 Tr.) at 170:20-174:14 (only alleged "complainant" affiliated with plaintiffs), 268:13-19, 289:21-25, 335:13-336:1 (does not know whether plaintiff provided counseling to anyone as a result of defendant's conduct); Alger Decl. ¶ 3, Ex. B (Knoll 2008 Tr.) at 234:2-6, 235:23-236:2 (to 30(b)(6) designee's knowledge, plaintiff did not provide counseling to anyone as a result of defendant's conduct); Alger Decl. ¶ 4, Ex. C (Kinlaw 2004 Tr.) at 20:25-21:10 (did not recall complaints); Alger Decl. ¶ 5, Ex. D (Knoll 2004 Tr.) at 33:25-34:23 I (no complaints); Alger Decl. ¶ 8, Ex. G (FHC-SFV responses to First Set of Interrogatories) at 54:23-55:26 (identifying only one individual complainant, Cliff Blanchard, who volunteers for plaintiffs

and was prompted by plaintiffs to investigate defendant's website); Alger Decl. ¶ 9, Ex. G (FHC-SD responses to First Set of Interrogatories) at 54:24-55:28 (identifying only one individual complainant, Cliff Blanchard, who volunteers for plaintiffs and was prompted by plaintiffs to investigate defendant's website).

Plaintiffs' Evidence:  Brancart Decl., at Exhibit 16, at Bates No. 440 (communication from a roommates.com user complaining of Roommate's discrimination on the basis of sexual orientation), *id.* at Bates No. 441 (communication from a roommates.com user complaining because Roommate required him or her to identify his or her sexual orientation and complaining because Roommate required him or her to indicate preferences for homeseekers on the basis of sexual orientation and familial status), *id.* at Bates No. 442 (communication from a roommates.com user complaining about the discriminatory content published by roommates.com), *id.* at Bates No. 443 (communication from a roommates.com user complaining about being

required by Roommate to disclose his or her
sexual orientation), *id.* at Bates No. 445
(communication from a roommates.com user
complaining about Roommate's requiring him
or her to indicate discriminatory preferences),
*id.* at Bates No. 446 (communication from a
roommates.com user complaining about
Roommate's requiring and allowing users to
indicate discriminatory preferences on the
basis of familial status), *id.* at Bates No. 447
(communication from a roommates.com user
complaining about Roommate's requiring him
to disclose his sexual orientation and
complaining about the being unfairly screened
from housing opportunities on the basis of
being forced to make this disclosure), *id.* at
Bates No. 449 (communication from
roommates.com user complaining about the
discriminatory questions asked by Roommate
on roommates.com); 2004 Knoll Depo. at
34:14-23 (FHC/SD received complaints from
newspaper/publishing/advertising industry
regarding discriminatory housing advertising
on the Internet); Bruno Decl. ¶ 24
(discriminatory content on roommates.com
causes stigma and humiliation to users), *id.* ¶

26 (many people suffer lost housing opportunities because of roommates.com's practices because those who do not want to disclose their age or sexual orientation must be discouraged and turn away from roommates.com's large database of housing listings), *id.* (people will suffer lost housing opportunities because of roommates.com's practices because discrimination in the rental of rooms exacerbates shortage of housing), ¶ 27 (practices of roommates.com offend, humiliate, and discourage homeseekers).

Dated: September 29, 2008.

Respectfully submitted,
BRANCART & BRANCART

/s/ Christopher Brancart
Christopher Brancart
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

On September 29, 2008 I served a true and correct copy of the following documents entitled:

**(1) PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (2) DECLARATION OF CHRISTOPHER BRANCART IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; EXHIBITS 1 THROUGH 18; (3) PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (4) MEMORANDUM IN SUPPORT OF PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

upon the following person(s):

Mr. Timothy L. Alger
Quinn, Emanuel, Urquhart, Oliver & Hedges
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

| | |
|---|---|
| X | **BY ELECTRONIC MAIL:** By transmitting the above document(s) to the email address of the person designated above, or by electronically filing the documents on the Court's ECF system. |
| | **BY MAIL**:  By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
| | **BY HAND DELIVERY**:  By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
| | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
| | **BY FACSIMILE**:  By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 29, 2008,  Loma Mar, California.

/s/ Christopher Brancart
Christopher Brancart