BRANCART & BRANCART
Christopher Brancart (CBN 128475)
  cbrancart@brancart.com
Elizabeth Brancart (CBN 122092)
  ebrancart@brancart.com
Liza Cristol-Deman (CBN 190516)
  lcristoldeman@brancart.com
Michael Evans (CBN 208917)
P.O. Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, et al., etc., <br><br> Plaintiffs, <br><br> vs. <br><br> ROOMMATE.COM, LLC, <br><br> Defendant. | Case No. 03-CV-09386 PA (RZx) <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS** <br><br> Hearing: <br> Date:  October 20, 2008 <br> Time:  1:30 p.m. <br> Room:  Hon. Percy Anderson |

Pursuant to this Court's Scheduling Order (Dkt. 113), plaintiffs submit the following memorandum in support of their evidentiary objections to defendant's separate statement of uncontroverted facts (Dkt. 122-2). This memorandum supports the evidentiary objections plaintiffs make in their concurrently filed Statement of Genuine Issues of Material Fact.

<u>Defendant's Separate Statement, Paragraph 12</u>: Objection: Argumentative. The paragraph constitutes argument, not fact. What the facts "make clear" and "suggest" are argument, not fact. The content of the website is fact; what the content "makes clear" or "suggests" to a judge, jury, or website user is for lawyers to argue in their brief. Fed.R. Evid. 611.

<u>Defendant's Separate Statement, Paragraph 13</u>: Objection: Argumentative; lack of

personal knowledge; assumes facts not in evidence; and hearsay.

The paragraph constitutes argument, not fact. The facts are the contents of the roommates.com website. How a user would be "inform[ed]" by that content is a matter of argument rather than fact. Fed. R. Evid. 611. Moreover, even if it were proper for a Separate Statement to include argument of this nature, the attorney's testimony would be objectionable because the attorney lacks personal knowledge as to how users are "inform[ed]" by the content of the website. Fed. R. Evid. 602. Accordingly, paragraph 13 assumes facts not in evidence in violation of Rule 611(a) of the Federal Rules of Evidence.

In addition, the website's banner is impermissible hearsay because it is an out of court statement offered for the truth of the matter asserted. Fed.R.Evid. 801-802.

<u>Defendant's Separate Statement, Paragraph 18</u>: Objection: Lack of personal knowledge; assumes facts not in evidence; irrelevant; hearsay.

Plaintiffs object to the supporting declaration of Bryan Peters. Mr. Peters offers a detailed description of how housing providers and homeseekers communicate with one another through roommates.com – their email and phone communications, in-person contacts, home visits, whether they engage in a "highly subjective, personal" evaluation of compatibility, etc. (Declaration of Bryan Peters in Support of Defendant's Motion for Summary Judgment, Dkt. 122-5, at ¶ 32.) Mr. Peters claims that this testimony is based on "my experience operating roommates.com and communicating with users." (*Id.*) That testimony is objectionable on several bases.

First, Mr. Peters did not personally observe all of these email communications, telephone calls, in-person meetings, and home visits. He therefore lacks personal knowledge of these matters. Fed. R. Evid. 602.

Alternatively, if he does have knowledge of these matters because of his "communicating with users," his testimony is inadmissible hearsay. Mr. Peters is offering the statements of users for their truth. Fed. R. Evid. 801, 802.

Finally, Mr. Peters' speculative testimony concerning the alleged preferences of Roommates.com members and the members' motives for knowing the protected

1  characteristics of prospective roommates is not probative or relevant to whether
2  roommates.com has engaged in violations of the Fair Housing Act.  It is, therefore,
3  irrelevant and inadmissible under Rules 401 and 402 of the Federal Rules of Evidence.

4  <u>Defendant's Separate Statement, Paragraph 19</u>: Objection: Incomplete deposition
5  excerpts.  Defendant's selective citations to the depositions of plaintiffs do not provide a
6  fair description of plaintiffs' testimony.  Fed. R. Civ. P. 32(a)(6); Fed.R. Evid. 106.

7  <u>Defendant's Separate Statement, Paragraph 20</u>: Objection: Irrelevant. Evidence of
8  any particular individuals who have been the victims of defendant's discriminatory housing
9  practices is irrelevant to whether plaintiffs have standing.  The requirements for standing
10 are laid out in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), and *Fair Housing of*
11 *Marin v. Combs*, 285 F.3d 899, 902-05 (2002).  Nowhere do these controlling cases require
12 that a plaintiff prove that any other individuals have come forward to claim that they were
13 injured by a defendant's discriminatory housing practices.  Plaintiffs in this case, just as
14 those in *Havens* and *Combs,* establish standing by virtue of their own damages, incurred
15 when they diverted resources to investigating roommates.com and worked to counteract the
16 frustration of their fair housing mission.  Whether any other organizations or individuals
17 have also suffered damages is not a factor that need be considered by this Court.  Fed. R.
18 Evid. 401, 402.

19    Dated:  September 29, 2008.

20                                     Respectfully submitted,

21                                     /s/ Christopher Brancart
                                       Christopher Brancart
22                                     Brancart & Brancart
                                       Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

On September 29, 2008 I served a true and correct copy of the following documents entitled:

**(1) PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (2) DECLARATION OF CHRISTOPHER BRANCART IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; EXHIBITS 1 THROUGH 18; (3) PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (4) MEMORANDUM IN SUPPORT OF PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

upon the following person(s):

Mr. Timothy L. Alger
Quinn, Emanuel, Urquhart, Oliver & Hedges
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

| | |
|---|---|
| X | **BY ELECTRONIC MAIL:** By transmitting the above document(s) to the email address of the person designated above, or by electronically filing the documents on the Court's ECF system. |
| | **BY MAIL**: By placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Loma Mar, California, addressed as set forth above. |
| | **BY HAND DELIVERY**: By causing such document(s) to be delivered by hand to the above person(s) at the address(es) set forth above. |
| | **BY THIRD-PARTY COMMERCIAL CARRIER (OVERNIGHT DELIVERY)**: By delivering a copy thereof to a third-party commercial carrier, addressed as set forth above, for delivery on the next business day. |
| | **BY FACSIMILE**: By transmitting the above document(s) to the facsimile number(s) of the addressee(s) designated above. |

I certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 29, 2008, Loma Mar, California.

/s/ Christopher Brancart
Christopher Brancart